■ In the Matter of SONBYRNE SALES, INC., Doing Business as BYRNE DAIRY, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [596 NYS2d 280] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Respondent charged petitioner with unlawful sale of a 12-pack of beer to a minor on January 28, 1989, in violation of Alcoholic Beverage Control Law § 65 (1). At the hearing, only two witnesses testified. Both were called by respondent. The minor testified that he was 20 years old at the time of the sale and that, in response to a request for identification made by petitioner's store clerk, he produced an altered New York State driver's license indicating that his age was 23 years. His date of birth on the license had been changed from 1968 to 1965 by a process he described as "chalking". He testified that petitioner's store clerk took the identification from him, examined it and then sold him the beer. Following his arrest for an unrelated matter that same evening, he rubbed the "chalking" off the driver's license, returning it to its original form. The other witness was a police officer who examined the altered identification with respect to that arrest and returned it to the minor without realizing that it was altered.

Petitioner was unable to identify the clerk who made the sale, which took place nearly 18 months prior to the charges being filed, and offered no proof.

Based on the minor's "convincing testimony", the Administrative Law Judge (ALJ) concluded that petitioner had established the affirmative defense set forth in the statute (Alco-

holic Beverage Control Law § 65 [4]). He found that the sale was made in reasonable reliance on "a photographic identification card apparently issued by a governmental agency." Respondent rejected the ALJ's conclusions, sustained the charge against petitioner and imposed a 60-day suspension and a $1,000 bond forfeiture. This CPLR article 78 proceeding ensued.

From our review of the record, we conclude that the uncontroverted testimony, which was offered by respondent, established that petitioner's store clerk reasonably relied on the altered identification in making the unlawful sale. It is inconsistent for respondent on the one hand to rely on that testimony to establish a violation and on the other hand to contend that, based on that same uncontroverted testimony, petitioner failed to establish the affirmative defense at issue. Because the testimony that established the violation also established the defense, we conclude that there was no rational basis to find that the offense was proven but that the affirmative defense was not, and thus that the determination is not supported by substantial evidence (see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182). (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Stone, J.) Present —Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.