■ In the Matter of GENESEE FARMS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [624 NYS2d 75] —Determination unanimously annulled on the law with costs and petition granted. Memorandum: Respondent charged petitioner with unlawful sale of beer to a minor in violation of Alcoholic Beverage Control Law § 65 (1). At the hearing, respondent called two witnesses, the minor and the police officer who stopped the minor after the sale. The minor testified that, in response to a request for identification from petitioner's clerk, he produced a Yates County Sheriff's identification card. The clerk asked if the minor had any other identification, and he responded that he did not. The minor further testified that he had used the card successfully on other occasions; some stores, however, would not accept a Sheriff's identification card as proof of age.

Based on the minor's testimony, the Administrative Law Judge (ALJ) found that petitioner had established the affirmative defense set forth in Alcoholic Beverage Control Law § 65 (4). He found that the sale was made in reasonable reliance on "a photographic identification card apparently issued by a governmental agency." Respondent rejected the ALJ's findings, sustained the charge against petitioner and imposed a 15-day suspension and a $1,000 bond forfeiture.

We conclude that the uncontroverted hearing testimony "established that petitioner's store clerk reasonably relied on the * * * identification in making the unlawful sale. It is inconsistent for respondent on the one hand to rely on that testimony to establish a violation and on the other hand to contend that, based on that same uncontroverted testimony, petitioner failed to establish the affirmative defense at issue" (Matter of Sonbyrne Sales v New York State Liq. Auth., 192 AD2d 1118, 1119, lv denied 82 NY2d 655). We conclude,

therefore, that the determination is not supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Wolf, Jr., J.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.